Case 4:16-cv-03501 Document 5 Filed in TXSD on 12/06/16 Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
December 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LESLIE WILLIAMS-OGLETREE, BOP #44196-424, Petitioner, v. MARNE BOYLE, Warden, Federal Prison Camp, Bryan, Texas, Respondent. | CIVIL ACTION NO. H-16-3501 |

## MEMORANDUM OPINION AND ORDER

The petitioner, Leslie Williams-Ogletree, is presently incarcerated in the United States Bureau of Prisons at the Federal Prison Camp in Bryan, Texas. Williams-Ogletree has filed a Petition of Person in Federal Custody Pursuant to 28 U.S.C. § 2241 and 42 U.S.C. § 1983 ("Petition") (Docket Entry No. 1), challenging the result of a prison disciplinary conviction. She has also filed an In Forma Pauperis Affidavit (Docket Entry No. 2) requesting leave to proceed without prepayment of the filing fee. After considering all of the pleadings, the court concludes that this case should be dismissed for the reasons explained below.

### I. Background

On May 5, 2016, Williams-Ogletree was issued an "incident report" charging her with violating prison rules by displaying

"Insolence to Staff."[1] On May 10, 2016, the charges were amended to "Refusing to obey a direct order."[2] The charges stemmed from an incident in which Williams-Ogletree reportedly refused to wear her inmate identification card on a lanyard around her neck as required by prison rules.[3] On May 17, 2016, Williams-Ogletree was found guilty following a hearing by the Unit Discipline Committee.[4] As punishment, Williams-Ogletree lost visitation privileges for 14 days.[5]

Williams-Ogletree contends that she was "wrongfully sanctioned" in violation of the right to due process because her disciplinary hearing was not held in a timely manner in compliance with prison procedures.[6] Williams-Ogletree also contends that the charges against her were improper because the policy requiring inmate identification cards to be worn on a lanyard does not actually state that an inmate must wear the lanyard around her neck.[7] Arguing further that lanyards worn around the neck are unsafe, Williams-Ogletree maintains that she was not required to

---

[1] Petition, Docket Entry No. 1, p. 3.

[2] Id.

[3] Id. at 2-3.

[4] Id. at 3.

[5] Id.

[6] Id. at 6.

[7] Id. at 4-5.

-2-

obey a direct order to wear one.[8] Thus, she seeks relief from her prison disciplinary conviction under 28 U.S.C. § 2241 and 42 U.S.C. § 1983.

## II. Discussion

As an initial matter, Williams-Ogletree does not state a claim for relief under 42 U.S.C. § 1983, which provides a remedy only for the deprivation of a constitutional right by a state actor or someone acting under color of state law. See Adams v. Schmidt, 612 F. App'x 781, 783 (5th Cir. Aug. 14, 2015) (citing Lugar v. Edmondson Oil Co., Inc., 102 S. Ct. 2744, 2753 (1982)). Because this case involves a federal prisoner challenging a disciplinary proceeding that occurred in a federal prison facility, § 1983 does not apply. See Broadway v. Block, 694 F.2d 979, 981 (5th Cir. 1982) (holding that federal officials, acting under color of federal law rather than state law, "are not subject to suit under § 1983").

To the extent that a disciplinary conviction implicates the administration or execution of a prison sentence, a federal prisoner's challenge to a disciplinary action is within the scope of 28 U.S.C. § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) ("[A]ppellant's petition to expunge the Bureau's disciplinary sanctions from his record

---

[8] Id. at 5.

. . . is properly brought via an application for a writ under § 2241."). To prevail under § 2241, a petitioner must demonstrate that a constitutional violation has occurred. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) ("'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'") (quoting Hilliard v. Bd. of Pardons and Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985)). For the reasons explained below, Williams-Ogletree cannot demonstrate that a constitutional violation occurred in connection with the disciplinary conviction at issue in this case.

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). In that context, a prisoner's liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." Id. at 2300 (internal citations omitted).

The Incident Report provided by Williams-Ogletree confirms that the only punishment imposed as the result of the challenged disciplinary proceeding was a loss of visitation privileges for 14 days, from May 17 through May 31, 2016.[9] The Fifth Circuit has held that the loss of privileges are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Restrictions on visitation privileges, in particular, do not implicate a constitutionally protected liberty interest because convicted prisoners have no constitutional right to visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999). Accordingly, restrictions placed upon or loss of an inmate's visitation privileges "provide no basis for a claim of the denial of constitutional rights." Palmisano v. Bureau of Prisons, 258 F. App'x 646, 648 (5th Cir. Dec. 11, 2007) (citations omitted).

Williams-Ogletree also alleges that the Incident Report has also adversely affected her custodial classification, making her ineligible for other privileges, such as "social and/or emergency furloughs, as well as special projects, including community service."[10] As a general matter, however, a prison inmate has no

---

[9]Incident Report #2847402, Docket Entry No. 1, p. 14.

[10]Petition, Docket Entry No. 1, p. 6.

-5-

protected liberty interest in his or her custodial classification. See Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988) (citing Meachum v. Fano, 96 S. Ct. 2532 (1976)). Williams-Ogletree does not allege facts showing that the change in her custodial classification, with its attendant restrictions, constitutes an atypical and significant hardship in relation to the ordinary incidents of prison life or that a protected liberty interest is otherwise implicated by the loss of privileges alleged. See Hernandez v. Velasquez, 522 F.3d 556, 562-63 (5th Cir. 2008) ("Only when a prisoner demonstrates 'extraordinary circumstances' may he maintain a due process challenge to a change in his custodial classification."); see also, e.g., Wilkinson v. Austin, 125 S. Ct. 2384, 2394-95 (2005) (concluding that inmates had a liberty interest in avoiding assignment to a supermax facility).

Because the punishment imposed does not implicate a constitutionally protected liberty interest, Williams-Ogletree's due process claims have no merit. Accordingly, the Petition will be dismissed for failure to state a claim.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Petition of Person in Federal Custody Pursuant to 28 USC § 2241 and 42 USC § 1983 filed by Leslie Williams-Ogletree (Docket Entry No. 1) is **DISMISSED with prejudice** for failure to state a claim.

2. The motion for leave to proceed in forma pauperis (Docket Entry No. 2) is **GRANTED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 6th day of December, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE